**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DONNA J. ALSTON :
5017 East Capitol Street, S.E.
Washington, D.C. 20019 :

Plaintiff :

v. : Civil No.

WASHINGTON METROPOLITAN :
AREA TRANSIT AUTHORITY
600 5th Street, N.W. :
Washington, D.C. 20001
:
Defendant

**COMPLAINT**

COMES NOW the Plaintiff, DONNA ALSTON, by and through counsel, VAN GRACK, AXELSON & WILLIAMOWSKY, BENDER & FISHMAN, P.C., and THE GOLDSMITH LAW FIRM, LLC, and sues the Defendant, WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY and in support thereof states as follows:

**I Preliminary Statement**

This action seeks declaratory, injunctive and equitable relief, compensatory damages, and costs and attorney's fees, for discrimination based on actual and/or perceived disability suffered by the Plaintiff during her employment with the Defendant, wherein the Defendant failed to provide the Plaintiff with reasonable accommodations.

**II Jurisdiction**

1. The Plaintiff was employed by the Defendant in Washington, D.C.

2. Venue in this Court is proper as the cause of action arose in the District of Columbia.

3. Declaratory, injunctive and equitable relief is sought pursuant to 28 U.S.C. §§22011 and 22002. Compensatory damages are sought pursuant to 42 U.S. C. §1981 (a).

4. Plaintiff alleges that she is the victim of unlawful discrimination under §504(a) of the Rehabilitation Act of 1973, 29 U.S.C. §764.

**III** **Exhaustion of Remedies**

5. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 4 of this Complaint with the same force and effect as is set forth herein.

6. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on or about July 7, 2006 after she was deemed medically disqualified for her position and placed in an unpaid leave of absence effective April 25, 2006. Said Charge of Discrimination was filed within a timely manner.

7. Thereafter, the Equal Employment Opportunity Commission issued a notice of a right to sue on October 18, 2006 and allowed the Plaintiff 90 days from receipt of said notice to file a lawsuit with this Court. Plaintiff received said notice on or about October 21, 2006 and filed this action within 90 days.

**IV** **Parties**

8. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 7 of this Complaint with the same force and effect as is set forth

herein.

9. Plaintiff Donna Alston is a female citizen of the United States and is a resident of Washington, D.C.

10. The Defendant is an agency created by interstate compact, receives substantial Federal Rehabilitation Act funds and does substantial business in Washington, D.C. and is subject to the personal jurisdiction of this Court because of the substantial business performed in Washington, D.C.

11. Further, venue is proper because the Defendant transacts substantial business in Washington, D.C. and Plaintiff's termination occurred at Defendant's Washington, D.C. location.

## V. Facts

12. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 11 of this Complaint with the same force and effect as is set forth herein.

13. Plaintiff began employment with the Defendant on June 26, 2000 and initially worked as a bus cleaner.

14. While performing this job, Plaintiff was exposed to fumes as a bus cleaner and developed a severe respiratory condition in 2005.

15. Plaintiff continued to work until February 14, 2006. On this date her doctor released her to light duty work with restrictions of no exposure to fumes.

16. On this date, the Plaintiff was told to report to WMATA's medical department and was kept off work until February 17, 2006.

17. Thereafter, Defendant kept her in a leave of absence status without pay. Finally, Plaintiff received a letter on May 15, 2006 that effective April 25, 2006 she was permanently medically disqualified from the position of cleaner and placed in a leave without pay status. (i.e. medical disqualification status).

18. Plaintiff was also allegedly allowed under §124 of the Union contract to be referred to Human Resources for assistance in a job change.

19. Thereafter, Plaintiff repeatedly sought reasonable accommodation of her disability by requesting a transfer to a vacant position by requesting assistance through Defendant's office of Human Resources. Said office repeatedly refused to meet with Plaintiff and told her—wrongly— that she had to apply for jobs on her own and compete with other non-disabled individuals. Thereafter, Plaintiff applied for positions with the Defendant including counselor, truck driver, quality assurance, administrative assistant, gardener, compiler, facilities maintenance clerk, management assistant and others but has not been granted an interview.

20. Plaintiff qualified, and was able to perform the substantial functions of all of the above positions if she was given reasonable accommodations, despite her disability.

21. Plaintiff suffers from a permanent impairment to her respiratory system as a result of her injuries on the job. Said condition causes her to be substantially limited in the major life activity of breathing as she has substantial problems breathing, chest pain and shortness of breath and can only walk short distances.

22. Defendant was fully made aware of Plaintiff's impairment to her respiratory condition and the work restrictions as set forth above.

23. As a result of her impairment to her respiratory condition and work restrictions, Plaintiff is a person with a disability as defined by the American With Disabilities Act (hereinafter "ADA") and the Rehabilitation Act of 1973 as she is substantially limited in the major life activity of breathing.

24. As set forth above, Plaintiff requested reasonable accommodation to allow her be transferred to a vacant position on a permanent basis.

25. Defendant refused to allow Plaintiff reasonable accommodation by way of a job transfer and provide any assistance whatsoever in this regard and failed to reasonably accommodate her disability. Defendant totally failed to engage in the interactive process to help Plaintiff seek a job transfer but forced Plaintiff to compete with other non-disabled individuals for a job in violation of federal law and told her she would be terminated in the year 2009 if she does not find a job transfer.

26. Defendant placed Plaintiff in an indefinite leave without pay status as a direct result of her disability after failing to reasonably accommodate her disability.

27. Specifically, Plaintiff received a letter on May 15, 2006 that effective April 25, 2006 she was permanently medically disqualified from the position of cleaner and placed in a leave without pay status. (See Ex. 1 letter of May 15, 2006)

**COUNT I**

**(Violation of §504 of the Rehabilitation Act of 1973- - Actual Disability)**

28. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 27 of this Complaint with the same force and effect as is set forth herein.

29. Plaintiff suffers from a permanent impairment to her respiratory system as a

result of her injuries on the job. Said condition causes her to be substantially limited in the major life activity of breathing as she has substantial problems breathing, chest pain and shortness of breath and can only walk short distances. Said permanent condition constituted a disability as defined by the Americans With Disabilities Act and §504 of the Rehabilitation Act of 1973 (hereinafter "Rehab Act").

30. Plaintiff is substantially limited in the major life activity of breathing and is thus a person with a disability under the ADA and Rehab Act.

31. Plaintiff requested reasonable accommodation in that she asked for a job transfer to a vacant position within her physical limitations and restrictions after being deemed "medically disqualified" for her bus cleaner job.

32. Plaintiff can adequately perform the essential functions of jobs with the Defendant that were open and within her physical restrictions that she desired such as counselor, truck driver, quality assurance position, administrative assistant, compiler, gardener, facilities maintenance clerk, management assistant and others.

33. Defendant discriminated against Plaintiff by failing to reasonably accommodate her disability. Specifically, Defendant failed to transfer her to a vacant position for which she was qualified and that was within her limitations, medically disqualified her and placed her on leave without pay such that she will be terminated if she does not find a job transfer on her own by 2009. Further, Defendant provided no assistance in seeking a job transfer whatsoever. Defendant totally failed to engage in the interactive process to help Plaintiff seek a job transfer but forced Plaintiff to compete with other non-disabled individuals for a job in violation of federal law and told her she

would be terminated in the year 2009 if she does not find a job transfer.

34. Plaintiff has lost substantial wages and benefits as a result of Defendant's unlawful actions in the past and will continue to do so in the future as she has been unemployed since the medical disqualifications despite diligent efforts to find employment.

35. Plaintiff has suffered severe emotional distress as a result of Defendant's unlawful actions.

WHEREFORE, Plaintiff respectfully requests the following relief:

a) Compensatory damages in an amount to be determined by the jury;

b) Back and front pay to be determined by the Court and/or jury; and

c) Reasonable attorney's fees, costs and expert witness fees.

**COUNT II**
**(Violation of Rehabilitation Act of 1973 and Perceived Disability)**

36. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 35 of this Complaint with the same force and effect as is set forth herein.

37. As set forth above, the Plaintiff suffered from a permanent impairment in her respiratory condition that has caused her great difficulty in breathing, walking, etc.

38. The Defendant regarded the Plaintiff as disabled after Plaintiff's injuries; the Defendant medically disqualified her from her job as a bus cleaner.

39. As set forth above, the Plaintiff applied for numerous jobs within her physical restrictions that she could perform with reasonable accommodations.

40. The Defendant failed and refused to reasonably accommodate Plaintiff's disability by refusing to transfer her to a vacant position within her physical limitations but instead medically disqualified Plaintiff on April 25, 2006 and provided no assistance in seeking a job transfer whatsoever. Defendant totally failed to engage in the interactive process to help Plaintiff seek a job transfer but forced Plaintiff to compete with other non-disabled individuals for a job in violation of federal law and told her she would be terminated in the year 2009 if she does not find a job transfer.

41. The Defendant discriminated against the Plaintiff by failing to reasonably accommodate her and transfer her to a vacant position within her medical limitations.

42. Plaintiff has lost substantial wages and benefits as a result of Defendant's unlawful actions in the past and will continue to do so in the future.

43. Plaintiff has suffered severe emotional distress as a result of Defendant's unlawful actions.

WHEREFORE, Plaintiff respectfully requests the following relief:

a)  Compensatory damages in an amount to be determined by the jury;

b)  Back and front pay to be determined by the Court and/or jury; and

c)  Reasonable attorney's fees, costs and expert witness fees.

Respectfully submitted,

**VAN GRACK, AXELSON, WILLIAMOWSKY, BENDER & FISHMAN, P.C.**

By:

Bruce M. Bender, Bar # 381319
401 N. Washington St., Suite 550
Rockville, MD 20850
Office (301) 738-7660
Fax (301) 424-0124

**THE GOLDSMITH LAW FIRM, LLC**

By:

Leizer Goldsmith, Bar # 419544
5335 Wisconsin Avenue, NW, Suite 440
Washington, D.C. 20015
Office (202) 895-1506
Fax (202) 318-0798

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DONNA J. ALSTON<br>5017 East Capitol Street, S.E.<br>Washington, D.C. 20019 | : | |
| Plaintiff | : | |
| v. | : | Civil No. |
| WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY<br>600 5th Street, N.W.<br>Washington, D.C. 20001 | : | |
| Defendant | : | |

**DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands a jury trial in the above captioned matter on all issues herein.

Respectfully submitted,

**VAN GRACK, AXELSON, WILLIAMOWSKY,
BENDER & FISHMAN, P.C.**

By: [signature]

Bruce M. Bender, Bar # 381319
401 N. Washington St., Suite 550
Rockville, MD 20850
(301) 738-7660

**THE GOLDSMITH LAW FIRM, LLC**

By: Leizer Goldsmith

Leizer Goldsmith, Bar # 419544
5335 Wisconsin Avenue, NW, Suite 440
Washington, D.C. 20015
Office (202) 895-1506
Fax (202) 318-0798

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **(EXCEPT IN U.S. PLAINTIFF CASES)** | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **(IN U.S. PLAINTIFF CASES ONLY)** NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

1 U.S. Government Plaintiff

3 Federal Question (U.S. Government Not a Party)

2 U.S. Government Defendant

4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES

(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

### A. *Antitrust*

**410 Antitrust**

### B. *Personal Injury/ Malpractice*

**310 Airplane**
**315 Airplane Product Liability**
**320 Assault, Libel & Slander**
**330 Federal Employers Liability**
**340 Marine**
**345 Marine Product Liability**
**350 Motor Vehicle**
**355 Motor Vehicle Product Liability**
**360 Other Personal Injury**
**362 Medical Malpractice**
**365 Product Liability**
**368 Asbestos Product Liability**

### C. *Administrative Agency Review*

**151 Medicare Act**

**Social Security:**
**861 HIA ((1395ff)**
**862 Black Lung (923)**
**863 DIWC/DIWW (405(g)**
**864 SSID Title XVI**
**865 RSI (405(g)**

**Other Statutes**
**891 Agricultural Acts**
**892 Economic Stabilization Act**
**893 Environmental Matters**
**894 Energy Allocation Act**
**890 Other Statutory Actions (If Administrative Agency is Involved)**

### D. *Temporary Restraining Order/Preliminary Injunction*

**Any nature of suit from any category may be selected for this category of case assignment.**

***(If Antitrust, then A governs)***

### E. *General Civil (Other)* OR F. *Pro Se General Civil*

**Real Property**
**210 Land Condemnation**
**220 Foreclosure**
**230 Rent, Lease & Ejectment**
**240 Torts to Land**
**245 Tort Product Liability**
**290 All Other Real Property**

**Personal Property**
**370 Other Fraud**
**371 Truth in Lending**
**380 Other Personal Property Damage**
**385 Property Damage Product Liability**

**Bankruptcy**
**422 Appeal 28 USC 158**
**423 Withdrawal 28 USC 157**

**Prisoner Petitions**
**535 Death Penalty**
**540 Mandamus & Other**
**550 Civil Rights**
**555 Prison Condition**

**Property Rights**
**820 Copyrights**
**830 Patent**
**840 Trademark**

**Federal Tax Suits**
**870 Taxes (US plaintiff or defendant**
**871 IRS-Third Party 26 USC 7609**

**Forfeiture/Penalty**
**610 Agriculture**
**620 Other Food &Drug**
**625 Drug Related Seizure of Property 21 USC 881**
**630 Liquor Laws**
**640 RR & Truck**
**650 Airline Regs**
**660 Occupational Safety/Health**
**690 Other**

**Other Statutes**
**400 State Reapportionment**
**430 Banks & Banking**
**450 Commerce/ICC Rates/etc.**
**460 Deportation**

**470 Racketeer Influenced & Corrupt Organizations**
**480 Consumer Credit**
**490 Cable/Satellite TV**
**810 Selective Service**
**850 Securities/Commodities/ Exchange**
**875 Customer Challenge 12 USC 3410**
**900 Appeal of fee determination under equal access to Justice**
**950 Constitutionality of State Statutes**
**890 Other Statutory Actions (if not administrative agency review or Privacy Act**

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|
| **530 Habeas Corpus-General**<br>**510 Motion/Vacate Sentence** | **442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)**<br><br>***(If pro se, select this deck)*** | **895 Freedom of Information Act**<br>**890 Other Statutory Actions (if Privacy Act)**<br><br>***(If pro se, select this deck)*** | **152 Recovery of Defaulted Student Loans (excluding veterans)** |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| **710 Fair Labor Standards Act**<br>**720 Labor/Mgmt. Relations**<br>**730 Labor/Mgmt. Reporting & Disclosure Act**<br>**740 Labor Railway Act**<br>**790 Other Labor Litigation**<br>**791 Empl. Ret. Inc. Security Act** | **441 Voting (if not Voting Rights Act)**<br>**443 Housing/Accommodations**<br>**444 Welfare**<br>**440 Other Civil Rights**<br>**445 American w/Disabilities-Employment**<br>**446 Americans w/Disabilities-Other** | **110 Insurance**<br>**120 Marine**<br>**130 Miller Act**<br>**140 Negotiable Instrument**<br>**150 Recovery of Overpayment & Enforcement of Judgment**<br>**153 Recovery of Overpayment of Veteran's Benefits**<br>**160 Stockholder's Suits**<br>**190 Other Contracts**<br>**195 Contract Product Liability**<br>**196 Franchise** | **441 Civil Rights-Voting (if Voting Rights Act)** |

**V. ORIGIN**

**1 Original Proceeding** | **2 Removed from State Court** | **3 Remanded from Appellate Court** | **4 Reinstated or Reopened** | **5 Transferred from another district (specify)** | **6 Multi district Litigation** | **7 Appeal to District Judge from Mag. Judge**

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 **DEMAND $** Check YES only if demanded in complaint **JURY DEMAND: YES NO**

**VIII. RELATED CASE(S) IF ANY** (See instruction) **YES NO** If yes, please complete related case form.

**DATE** **SIGNATURE OF ATTORNEY OF RECORD**

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.** CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

**IV.** CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

**VI.** CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.** RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.