UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Division

| | | |
|---|---|---|
| DONNA J. ALSTON | : | |
| 5017 East Capitol Street, S.E. | : | |
| Washington, D.C. 20019 | : | |
| | : | |
| Plaintiff | : | Civil Action No.:1:07cv00122(ESH) |
| | : | |
| v. | : | |
| | : | |
| WASHINGTON METROPOLITAN AREA | : | |
| TRANSIT AUTHORITY | : | |
| 600 Fifth Street, N.W. | : | |
| Washington, D.C. 20001 | : | |
| | : | |
| Defendant. | : | |

## ANSWER BY DEFENDANT WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY TO THE PLAINTIFF'S COMPLAINT

The defendant, Washington Metropolitan Area Transit Authority (WMATA) comes before this Court through counsel and responds to the plaintiff's complaint.

I. Preliminary Statement

The plaintiff's preliminary statement describes the action initiated by the plaintiff and does not require a response thereto. The defendant does deny that it had a duty to provide reasonable accommodations as alleged and generally denies any claim of a violation of the plaintiff's rights.

II. Jurisdiction

1. The defendant admits the allegations contained in paragraph numbered one of the plaintiff's complaint.

2. Upon information and belief, the defendant admits the allegations contained in paragraph numbered two of the plaintiff's complaint and that venue in this Court is proper pursuant to Section 81 of the WMATA Compact.

3. The defendant admits the existence of the statutes referenced in paragraph numbered three (3) but denies that such remedies are available against defendant, and denies that the Court is vested with jurisdiction over these claims or this defendant pursuant thereto.

4. The defendant denies the allegations contained in paragraph numbered four (4) of the plaintiff's complaint.

III. Exhaustion of Remedies

5. The defendant incorporates by reference as if stated fully herein, its responses to paragraphs numbered one (1) through four (4) of the plaintiff's complaint in response to the allegations contained in paragraph numbered five (5) of the plaintiff's complaint.

6-7. The defendant is without sufficient knowledge or information upon which to admit or deny the allegations contained in plaintiff's complaint at paragraphs numbered six (6) and seven (7).

IV. Parties

8. The defendant incorporates by reference, as if stated fully herein, its responses to paragraphs numbered one (1) through seven (7) in response to the allegations contained in paragraph numbered eight (8) of the plaintiff's complaint.

9. Upon information and belief, the defendant admits the allegations

contained in paragraph numbered nine (9) of the plaintiff's complaint.

10. The defendant admits the allegations contained in paragraph numbered ten (10) of the plaintiff's complaint, with the exception that the defendant is without sufficient knowledge or information to admit or deny the characterization of "substantial" contained therein.

11. The defendant admits that venue is proper pursuant to Section 81 of the WMATA Compact but denies the remaining allegations contained in paragraph numbered eleven (11) of the plaintiff's complaint.

V. <u>Facts</u>

12. The defendant incorporates by reference, as if stated fully herein, its responses to paragraphs numbered one (1) through eleven (11) in response to the allegations contained in paragraph numbered twelve (12) of the plaintiff's complaint.

13-14. The defendant denies the allegations contained in paragraphs numbered thirteen (13) and fourteen (14) of the plaintiff's complaint.

15. Upon information and belief, the defendant admits the allegations contained in paragraph numbered fifteen (15) of the plaintiff's complaint.

16. Upon information and belief, the defendant admits the allegations contained in paragraph numbered sixteen (16) of the plaintiff's complaint.

17. Upon information and belief, the defendant admits the allegations contained in paragraph numbered seventeen (17) of the plaintiff's complaint.

18. The defendant denies as stated the allegations contained in paragraph

numbered eighteen (18) of the plaintiff's complaint.

19. The defendant admits that the plaintiff has submitted applications for other positions, but denies the remaining allegations contained in paragraph numbered nineteen (19) of the plaintiff's complaint.

20-27. The defendant denies the allegations contained in paragraphs numbered twenty (20) through twenty-seven (27) of the plaintiff's complaint.

## COUNT I

28. The defendant incorporates by reference, as if stated fully herein, its responses to paragraphs numbered one (1) through twenty-seven (27) in response to the allegations contained in paragraph numbered twenty-eight (28) of the plaintiff's complaint.

29-35. The defendant denies all allegations contained in paragraphs numbered twenty-nine (29) through thirty-five (35) of the plaintiff's complaint.

## COUNT II

36. The defendant incorporates by reference, as if stated fully herein, its responses to paragraphs numbered one (1) through thirty-five (35) in response to the allegations contained in paragraph numbered thirty-six (36) of the plaintiff's complaint.

37-41. The defendant denies all allegations contained in paragraphs numbered thirty-seven (37) through forty-one (41) of the plaintiff's complaint.

The defendant denies all allegations contained in the complaint and not expressly admitted herein.

FIRST AFFIRMATIVE DEFENSE

The plaintiff's complaint fails to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

Defendant reserves the right to assert that some or all of plaintiff's claims are barred because she has failed to exhaust her administrative remedies.

THIRD AFFIRMATIVE DEFENSE

Defendant reserves the right to assert that some or all of plaintiff's claims may be barred by the statute of limitations.

FOURTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert that the plaintiff's action is barred in that she failed to file the instant lawsuit within the applicable period after receiving her "right to sue" letter from the EEOC.

FIFTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert that the plaintiff's action is barred in whole, or in part, by Section 80 of the WMATA Compact.

SIXTH AFFIRMATIVE DEFENSE

Defendant intends to rely on all defenses available from the evidence presented at the trial and reserves the right to assert such defenses at that time.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any tangible employment action. Defendant exercised reasonable care to respond to complaints and to prevent any alleged discriminatory

behavior which the plaintiff complained of. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the defendant WMATA or to otherwise avoid harm.

WHEREFORE, defendant having fully answered the complaint, prays that the same be dismissed with prejudice, costs to be paid for by the plaintiff.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
 TRANSIT AUTHORITY


 /s/
Carol B. O'Keeffe
Unified Bar No. 445277
General Counsel


 /s/
Mark F. Sullivan
Unified Bar No. 430876
Deputy General Counsel


 /s/
Kathleen A. Carey
Unified Bar No. 357990
Assistant General Counsel
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-1496
Attorneys for Defendant WMATA
Kcarey@wmata.com

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Defendant's Answer to the Plaintiff's

Complaint was sent by email to CORLISSV @ ATT this 28$^h$ day of February, 2007 to:

Bruce M. Bender
Van Grack, Axelson, Williamowsky,
Bender & Fishman, P.C.
4 01 N. Washington Street
Suite 550
Rockville, MD 20850


Leizer Goldsmith
The Goldsmith Law Firm, LLC
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20004-1109

                                          /s/
                                 Kathleen A. Carey