**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| DONNA J. ALSTON | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :    Civil Action No.:1:07cv00122(ESH) |
| | : |
| WASHINGTON METROPOLITAN AREA | : |
| TRANSIT AUTHORITY | : |
| | : |
| Defendant. | : |

**WMATA'S STATEMENT OF**
**MATERIAL FACTS NOT IN ISSUE**

In support of the Defendant's motion for summary judgement on all claims brought by the Plaintiff pursuant to Fed. R. Civ. Proc. 56 and LCvR 56.1, Defendant states that there is no genuine issue as to the following material facts.

1.    Plaintiff has filed this litigation alleging violations of Section 124 of the Rehabilitation Act of 1973, 29 U.S.C. Section 764.

2.    Plaintiff was hired by the Washington Metropolitan Area Transit Authority ("WMATA") on August 16, 1999 as a bus operator trainee. (Exhibit #1)

3.    WMATA terminated Ms. Alston from the bus operator program because of unsatisfactory work performance.  (Exhibit #2)

4.    WMATA then re-hired her into the position of Bus Cleaner Shifter on or about June 26, 2000. (Exhibit #3)

5.    The position of Bus Cleaner Shifter requires that the employee have a Commercial Drivers License (CDL). (Exhibit #5)

6.    Because Ms. Alston was unable to obtain a CDL, on August 2, 2000, she

accepted a voluntary demotion to the position of Bus Cleaner. (Exhibits #4a and 4b).

7.    The position of Bus Cleaner is in the Local 689, Amalgamated Transit Union, AFL-CIO,  Collective Bargaining Unit, Maintenance and Construction District. (Exhibit # 8)

8.    Ms. Alston worked in that position until she was declared medically ineligible for the position of Bus Cleaner, effective April 25, 2006, due to a respiratory impairment. (Exhibit #7).

9.    As a medically ineligible, Local 689 employee, Ms. Alston was given the protections and benefits of Section 124 of the Collective Bargaining Agreement (CBA).  That Section permits an employee to remain an employee for three years from the date she was declared medically ineligible for a position, while attempting to find another position within WMATA for which she is qualified.  (Exhibit #8)

10.    Roslyn Rikard, an employee in the Office of Human Resource Services (HRS) provides assistance to all Section 124 employees. (Affidavit of Roslyn Rikard at Paragraph 13)

11.    When an employee is identified as physically disabled, Ms. Rikard sends a letter notifying the employee in writing of that decision and notifying them that they have been referred to HRS for assistance in a job placement.  The employee is provided the name and telephone number of their main contact person in HRS.  (Id. at Paragraph 5)

12.    Ms. Rikard sent a letter, dated May 15, 2006, to Ms. Alston stating that she had been referred to Human Resource Services for assistance with a job change.

(Exhibit #24; Letter to Donna Alston from Roslyn Rikard dated May 15, 2006)

13.    Ms. Rikard provided Ms. Alston with the name and telephone number of her main contact in HRS. (Id.)

14.    HRS forwarded all future job postings to Ms. Alston. (Id. at Paragraphs 7-9)

15.    Ms. Rikard met with Ms. Alston on at least three separate occasions answering questions and providing information requested by Ms. Alston. (Id. at Paragraph 6)

16.    Ms. Alston and all Section 124 employees are encouraged to participate in any training classes through WMATA's Office of Organizational Development (now called Human Resources Operations Services) to either maintain their skills or develop new skills. (Id. at Paragraph 10)

17.    All job postings are available on the Authority wide HEARTS computer software system.  When the Authority switched to a computer-based posting and application system, Ms. Rikard notified all Section 124 employees of the change, explained how to access the system and provided the addresses of all WMATA locations where the employee could access the system by computer in order to search the HEARTS system. (Id.)

18.    In 2007, WMATA offered a training program for the position of Station Manager within the Rail Service.  The training was limited and available to all medically-able Section 124 employees.  (Id at Paragraph 12)

19.    Ms. Alston and all employees who were interested in taking the class,

3

were first referred to the WMATA Health Services for medical clearance.  Ms. Rikard made two appointments for Ms. Alston, however, Ms. Alston failed to  keep either appointment.  (Id.)

20.     Ms. Alston was not medically cleared for the position of Station Manager. (Id.)

21.     Ms. Alston applied for 22 open positions after she was declared medically ineligible on April 25, 2006 for the position of Bus Cleaner.

22.     Ms. Alston also applied for 66 positions prior to being declared medically ineligible on April 25, 2006 for the position of Bus Cleaner.

23.     Plaintiff claims that she was qualified for and able to perform, without accommodation, the duties and responsibility of the following six (6) positions:

> Customer Information Agent
> Facilities Maintenance Clerk
> Job Access Information Assistant
> Bus Communication Specialist
> Receptionist
> Garage Clerk
> (Exhibits #9 and #10)

24.     The job description for each of the four positions is attached hereto as Exhibits #11 through #16.

25.     The position of  Garage Clerk required that the applicant pass a typing test.  Ms. Alston failed the typing test and, therefore, did not proceed to the next level of the selection process. (Affidavit of Steven Godbey at Paragraph 9)

26.     Facilities Maintenance Clerk is Local 689 position. (Exhibit #12)

27.     The successful applicant was James Randolph III, who had more Local

4

689 seniority than Ms. Alston.  His seniority date is September 29, 1996. (Exhibit #23)

28.    The position of Job Access Information Assistant required experience working with handicapped transit customers. (Exhibit #13)

29.    The successful candidate, Keisha White, had such experience and Ms. Alston had none. (Exhibit #22)

30.    Ms. Alston did not apply for the position of Customer Information Agent. (Affidavit of Steven Godbey; Exhibit #20).

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
  TRANSIT AUTHORITY

/s/_____
Carol B. O'Keeffe
Bar No. 445277
General Counsel

_____/s/_____
Mark F. Sullivan
Bar No. 430876
Deputy General Counsel

/s/  Kathleen A. Carey_____
Kathleen A. Carey
 Bar No. 357990
Assistant General Counsel
600 Fifth Street, N.W.
Washington, D.C.  20001
(202) 962-1496
Kcarey@wmata.com

5